286 June 11, 2025 No. 534

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEVI WILLIAM THOMAS,
*Defendant-Appellant.*

Josephine County Circuit Court
23CR03701; A182389

Pat Wolke, Judge.

Submitted April 23, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant pleaded guilty to unauthorized use of a vehicle (UUV), ORS 164.135, and reckless driving, ORS 811.140, and he was sentenced to probation on both counts. As part of the sentence for UUV, the trial court revoked defendant's driving privileges for one year and imposed a $15 "License Suspension Assessment." *See* ORS 809.240(1)(a) (providing that a trial court shall revoke driving privileges upon conviction of an offense that results in mandatory revocation under ORS 809.409); ORS 809.409(4) (addressing revocation for a conviction of any felony "with a material element involving the operation of a motor vehicle"); ORS 809.267 (providing that a "court shall add a $15 fee to the judgment in any case in which the court gives notice to the Department of Transportation of the suspension or restriction of a defendant's driving privileges"). On appeal, defendant argues that the court lacked authority to revoke his driving privileges and impose the assessment because operation of a motor vehicle is not a "material element" of the crime of UUV for purposes of ORS 809.409. We affirm.

Defendant's argument is predicated on the view that, in determining whether a conviction is for a felony "with a material element involving the operation of a motor vehicle" under ORS 809.409, the trial court must look only to the statutory elements of the offense and not the factual circumstances supporting those elements. However, we recently rejected that view of the statute in *State v. Schriner*, 336 Or App 873, 562 P3d 296 (2024), *rev allowed*, 373 Or 712 (2025), which was decided after defendant filed his opening brief. In *Schriner*, we construed "material element" in ORS 809.409(4) to mean "that the factual circumstance supporting the elements of the offense must be closely related to the operation of a motor vehicle." *Id.* at 884. Thus, a "court's determination whether a qualifying conviction requires it to order the revocation of a person's driver's license must be based on the entire factual record supporting the conviction." *Id.* at 885.

Here, as in *Schriner*, there does not appear to be any dispute that the factual circumstances supporting the elements of defendant's offense were closely related to the

operation of a motor vehicle. Defendant was charged with and pleaded guilty to having "unlawfully and knowingly operate[d] a motor vehicle, to wit: GMC Jimmy, without the consent of the owner." Because the trial court was permitted to consider those factual circumstances under ORS 809.409(4), and not just the statutory elements of the offense of UUV, we affirm the revocation of defendant's license and imposition of the related $15 assessment.

Affirmed.